IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03379-PAB-MJW

SAFDAR LILAK,

    Plaintiff,

v.

TAKEDA PHARMACEUTICAL NORTH AMERICA, INC.,

    Defendant.

## ORDER

    This matter is before the Court on a Motion to Temporarily Suspend and Defer All Activities for 36 Months [Docket No. 22][1] filed by plaintiff Safdar Lilak. Defendant filed a response opposing plaintiff's motion. Docket No. 24.

    Plaintiff filed this products liability action on December 27, 2011. Docket No. 1. Plaintiff alleges that, from 2006 to 2011, he was prescribed the drug Actos to treat type II diabetes. Docket No. 1 at 2, ¶ 4. Plaintiff further alleges that defendant negligently or carelessly developed or manufactured Actos. *Id.* at 2, ¶ 1.2. Plaintiff claims that Actos caused a heart attack and complications from knee and shoulder surgeries. *Id.* at 2, ¶ 1.4.

    On February 9, 2012, the United States Judicial Panel on Multidistrict Litigation

---

[1] The full title of plaintiff's motion is "Response to Conditional Remand Order Plaintiff's Motion to Temporarily Suspend and Defer All Activities for 36 Month, Since He Will Not Be Able to Respond Until MDL-02299 Case Proceedings Conclude." *Id.* (altered).

("MDL Panel") ordered this case conditionally transferred to the Western District of Louisiana. Docket No. 14 at 1-2. The centralized action, MDL No. 2299, principally involved claims that Actos created an increased risk of bladder cancer and that defendants concealed knowledge of the risk. Docket No. 20 at 1. After reviewing plaintiff's filings and conducting an evidentiary hearing, United States Magistrate Judge Patrick J. Hanna found that plaintiff's allegations were unique and unsuited for resolution in the centralized action, in part because plaintiff does not claim that he has ever suffered from bladder cancer. Docket No. 24-1 at 8-9. The magistrate judge also found that plaintiff's claims in the instant case mirrored claims plaintiff brought before this Court against other pharmaceutical companies. *Id.* at 7; *see* 11-cv-03395-PAB-MJW; 12-cv-00031-PAB-MJW. On November 19, 2012, the magistrate judge recommended that plaintiff's case be remanded to this Court and, on February 5, 2013, the district court adopted the magistrate judge's recommendation. Docket No. 24-1 at 8-9; Docket No. 24-2. Plaintiff opposed a remand, but did not dispute any of the magistrate judge's findings. Docket No. 20 at 1. On July 15, 2013, the MDL Panel remanded plaintiff's case to this Court. *Id.*

In the instant motion, plaintiff asks the Court to stay this proceeding for 36 months. Docket No. 22 at 2. He argues that, while MDL No. 2299 is pending, staying this case will conserve judicial resources and avoid duplicative litigation. *Id.* In light of plaintiff's pro se status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

The power to stay proceedings comes from courts' inherent power to control the

disposition of cases. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *U. Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (citing *Landis*). In considering whether to stay a pending action, courts in this district weigh the "(1) potential prejudice to the nonmoving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation." *Franklin v. Merck & Co., Inc.*, 06-cv-02164-WYD-BNB, 2007 WL 188264, at *2 (D. Colo. Jan. 24, 2007); *see also SBM Site Servs., LLC v. Garrett*, 10-cv-00385-WJM-BNB, 2012 WL 975878, at *2 (D. Colo. March 22, 2012); *Lilak v. Pfizer Corp., Inc.*, 08-cv-02439-CMA-KLM, 2008 WL 4924632, at *2 (D. Colo. Nov. 13, 2008). Courts applying these factors will, under some circumstances, stay a case pending an upcoming decision of the MDL Panel. *See, e.g., Hoy v. I-Flow Corp*, 09-cv-02580-CMA-KLM, 2010 WL 743561, at *1 (D. Colo. March 1, 2010) (staying action pending ruling from MDL Panel); *Lilak*, 2008 WL 4924632, at *3 (staying action pending MDL Panel decision on transfer of case).

In opposing plaintiff's motion, defendant argues it will be prejudiced by any delay in conducting discovery and moving for summary disposition of plaintiff's claims. Docket No. 24 at 4. Plaintiff does not rebut that claim or make a corresponding showing of hardship or inequity that he would suffer if a stay were denied. *See Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) ("where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity"). Moreover, plaintiff's grounds for requesting a stay are unavailing. The MDL Panel has already determined

that the instant case will not be part of MDL No. 2299.  As a result, it is highly unlikely that rulings in the centralized action will have any precedential effect on this litigation and, even if there is such a possibility, it does not justify a three-year stay.  Thus, the Court finds that plaintiff has failed to articulate any basis on which this Court should exercise its inherent power to stay this proceeding.

Accordingly it is

**ORDERED** that plaintiff's Motion to Temporarily Suspend and Defer All Activities for 36 Months [Docket No. 22] is **DENIED**.

DATED December 20, 2013.

                                      BY THE COURT:

                                      s/Philip A. Brimmer
                                      PHILIP A. BRIMMER
                                      United States District Judge