IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03379-PAB-MJW

SAFDAR LILAK,

Plaintiff,

v.

TAKEDA PHARMACEUTICAL NORTH AMERICA, INC.,

Defendant.

## REPORT AND RECOMMENDATION
on

**DEFENDANT TAKEDA PHARMACEUTICALS U.S.A., INC., MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. COV. P. 12(c)**
**(Docket No. 36), and**

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S "MEMORANDUM: AMENDED COMPLAINT OF PLAINTIFF(S)" AND DESIGNATION OF EXPERT TESTIMONY, ECF NO. 53**
**(Docket No. 56), and**

**DEFENDANT TAKEDA PHARMACEUTICALS U.S.A., INC,'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**
**(Docket No. 59)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this Court pursuant to an Order of Reference issued by Judge Philip A. Brimmer on December 29, 2011 (Docket No. 3), and orders referring three specific motions (Docket Nos. 37, 57, & 60).

### PLAINTIFF'S ALLEGATIONS

Pro se Plaintiff Safdar Lilak ("Lilak") claims that he has been injured because he took medications manufactured by Takeda Pharmaceuticals North America, Inc.

("Takeda" or "Defendant").  His Complaint sets forth some basic jurisdictional facts, none of which Takeda challenges, and then alleges the following paragraph:

> Plaintiff was injured, and has medical issues as consequences.  He was prescribed ACTOS-ACTOS PLUS MET since 2006 for type II diabetic issues sugar management, heartburns, drug for his injuries.  It was used and prescribed before and after the surgeries on his left knee and right shoulder.  Accident of September, 2002 and plaintiff used the ACTOS and ACTOS PLUS MET100mg/200mg since 2006 to 20011.  It was prescribed by three different medical doctors and a surgeon.  ACTOS –ACTOS PLUS MET was used on regular basis and also as needed basis and was used continued till it was discovered it has adverse affect to heart, UTI, Bladder Cancer etc…. September, 2011.  That is almost five plus years of continued prescribed use of ACTOS –ACTOS PLUS MET.

(Docket No. 1, ¶ 4).  Following that paragraph, Lilak alleges Takeda "operated business in a reckless, careless negligent manner" and thereby caused him various harms.  The list of physical injuries alleged by Lilak is extensive: "multiple MI & IS strokes"; "latest heart attack being on 04-02-2011"; "worsen the recovery to my Left knee surgery and right shoulder surgery"; "gastrointestinal problems, chest pain, stomach irregularity, blood clots and strokes MI, IS, stents being put in left and right chamber of the heart"; and more.  Past that, Lilak alleges an array of damages of the economic, emotional distress, and loss-of-consortium variety.  There are no further allegations, other than the paragraph block-quoted above, as to how Takeda caused or is otherwise related to the extensive harms Lilak alleges.  Lilak identifies his claim for relief as a negligence theory.

Lilak's Complaint appears, then, to claim: he took *X* medications; he has *Y* ailments; therefore, *X* medications caused *Y* ailments as a result of Defendant's negligence.  As it turns out, Lilak has made this claim before.

## **PLAINTIFF'S OTHER LAWSUITS**

Lilak has filed a number of lawsuits against pharmaceutical manufactures.

Including this one, seven have been filed in or removed to this court:

- In Case No. 06-cv-01676-PSF, Lilak sued Merck & Company. The complaint there is substantially the same as the Complaint here, except that Lilak alleged he took Vioxx for two years as opposed to Actos for five. The case was transferred to the Eastern District of Louisiana for coordination with multidistrict litigation ("MDL") No. 1657 and has not been seen in this court since.

- In Case No. 08-cv-02439-CMA, Lilak sued Pfizer Corporation. The complaint there is substantially the same as the Complaint here, except that Lilak alleged he took Bextra and Celebrex as opposed to Actos for five years. The case was transferred to the Northern District of California for coordination with MDL No. 05-1699 and has not been seen in this court since.

- In Case No. 09-cv-02107-REB-CBS, Lilak sured Matrixx Initiatives. The complaint there is substantially the same as the Complaint here, except that Lilak alleged he took Zicam for two years as opposed to Actos for five. The case was transferred to the District of Arizona for coordination with MDL No. 2096 and has not been seen in this court since

- In Case No. 10-cv-02256-CMA-BNB, Lilak sued Pfizer Corporation over Bextra again. The complaint there does not look like the Complaint here, but it does look very much like Lilak's later filings in this case. The case was also transferred to the Northern District of California for coordination with MDL No. 05-1699 and has not been seen in this court since.

- In Case No. 11-cv-03395-PAB-MJW, Lilak sued GlaxoSmithKline. In addition to paragraphs identical to those in this case, Lilak included a litany of citations to federal statutes. He alleged that he used Paxil on and off for six or seven years, and that it caused substantially the same injuries as were alleged in all the other lawsuits (including the instant case). The case was never transferred but, instead, was dismissed for failure to state a claim.

- In Case No. 12-cv-00031-PAB-MJW, Lilak sued Astrazeneca Pharmaceuticals. The complaint is materially identical to the others, except that he alleged injuries stemming from two years' use of Nexium and Prilosec. The case was never transferred but, instead, was dismissed for failure to state a claim.

4

In the instant case, Lilak's claims were initially transferred to the Western District of Louisiana for coordination with MDL 2299, but remanded back to this Court because Lilak's sworn testimony indicated that he did not have bladder cancer (*see* Docket No. 56-1). Bladder cancer is the gravamen of that particular MDL; without a claim premised on it, Lilak's case did not belong in the coordinated proceedings.

### **PLAINTIFF'S PROPOSED AMENDED PLEADINGS**

Following a new scheduling conference in this case, Defendant waited until after the deadline for amending pleadings had passed, then moved for judgment on the pleadings under Federal Rule of Evidence 12(c). Lilak responded with a number of filings seeking to amend his Complaint, most of which were struck as procedurally deficient. One of these documents was filed not as a motion but as notice of Lilak's written discovery; it includes, however, a proposed amended complaint (*see* Docket No. 53). Defendant has moved to strike it (Docket No. 56). The motion is largely moot, however, as substantially the same proposed amended complaint has been included in most of Lilak's other filings in response to Defendant's three motions.

There are few if any material distinctions between Lilak's various attempts at an amended complaint; for purposes of resolving these motions, the Court will consider pages 4 through 18 of Document No. 53 as representative. The Court has taken judicial notice of other complaints filed in MDL 2299, related to Defendant's Actos product, and it appears that Lilak's proposed amended complaint copies those pleadings more or less verbatim—inserting allegations that he, like the other plaintiffs in the multidistrict

litigation, has taken Actos and suffered damages as a result.  Most notably, Lilak has inserted allegations that he has bladder cancer.

## **DEFENDANT'S MOTIONS**

As noted, Defendant has moved for judgment on the pleadings (Docket No. 36), and to strike the document at Docket No. 53 as an improper amended complaint (Docket No. 56).  Defendant has also moved for summary judgment, arguing that plaintiff cannot show causation and has not endorsed a viable expert witness for purposes of proving causation (Docket No. 59).

In support of their summary judgment motion (Docket No. 59), Defendant proffers the Declaration of Dr. Mark Molitch, an endocrinologist and a professor at Northwestern University's medical school.  Dr. Molitch states that he has reviewed the pleadings in this case, plus the medical records produced by Lilak while his case was pending in the Western District of Louisiana (Docket No. 59–1, ¶ 4).  According to Dr. Molitch, Lilak's medical records do not show any bladder cancer or any urinary tract infections (*id.* ¶ 5) and likewise show no bone degeneration (*id.* ¶ 9).  Further, he states that he is "familiar with the credible medical and scientific literature regarding th[e] medications" at issue in this suit and that there is no scientific evidence to tie Actos to any of Lilak's other alleged ailments—and in any event Lilak suffered from each of those ailments prior to taking Actos (*id.* ¶¶ 3, 6–8).

Lilak's objection to the summary judgment motion runs 155 pages, counting exhibits (Docket No. 62).  It includes a cross-motion for summary judgment in Lilak's favor.  The first 41 pages of it appears to be the actual objection to summary judgment

6

and cross-motion; the remaining pages include an attempt to propound discovery, a copy of the proposed amended complaint, and objections to earlier motions filed by Defendant while the case was pending in Louisiana. In the first 41 pages, there are no relevant legal arguments, and the only factually relevant materials are copies of unidentifiable internet stories concerning Actos's side effects.

Finally, on September 17, 2014, Lilak e-mailed opposing counsel, the chambers of District Judge Brimmer, and the chambers of Magistrate Judge Watanabe. The documents attached to the e-mail have not been properly filed—but taking notice of such e-mail, Lilak appears to proffer several documents as evidence in support of his position on the cross-motions for summary judgment. With one exception, the documents are all from the Food and Drug Administration or from Defendant, and all pertain to concerns about Actos causing bladder cancer or heart failure. Judging by the names Plaintiff has assigned the PDF files, he intends to designate the FDA as his expert witness.

## **ANALYSIS**

For the reasons stated herein, this Court recommends that Defendant's summary judgment motion (Docket No. 59) be granted. In light of this recommendation, the Court denies Defendant's motion to strike (Docket No. 56) as moot and recommends that Defendant's motion for judgment on the pleadings (Docket No. 36) be denied as moot.

The Federal Rules of Civil Procedure provide, in relevant part:

> (a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense— on which

summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. . . .

(c) PROCEDURES.

    (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

        (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

        (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

    . . . .

(d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1) defer considering the motion or deny it;

    (2) allow time to obtain affidavits or declarations or to take discovery; or

    (3) issue any other appropriate order.

(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

    (1) give an opportunity to properly support or address the fact;

    (2) consider the fact undisputed for purposes of the motion;

    (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

8

(4) issue any other appropriate order.

Fed. R. Civ. P. 56.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Merrifield v. Bd. of Cnty. Comm'rs*, 654 F.3d 1073, 1077 (10th Cir. 2011) (internal quotation marks omitted). A dispute is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way," and it is material "if under the substantive law it is essential to the proper disposition of the claim." *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013) (internal quotation marks omitted). When considering a motion for summary judgment, "[w]e examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the nonmoving party." *Merrifield*, 654 F.3d at 1077 (internal quotation marks omitted). As the nonmoving party, however, Lilak "may not rest on his pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which he carries the burden of proof." *Travis v. Park City Mun. Corp.*, 565 F.3d 1252, 1258 (10th Cir. 2009) (quotation marks and citation omitted).

To prevail on a negligence claim, a plaintiff must prove (1) the existence of a legal duty of the defendant to the plaintiff; (2) breach of that duty; (3) injury and damages to the plaintiff; and (4) a sufficient causal connection between the defendant's breach and the plaintiff's damages. *E.g.*, *HealthONE v. Rodriguez ex rel. Rodriguez*, 50 P.3d 879, 888 (Colo. 2002); *Connes v. Molalla Transp. Sys., Inc.*, 831 P.2d 1316, 1320

9

(Colo. 1992). Here, Defendant has argued that Lilak cannot establish that Actos caused him injuries—i.e., the last of those four elements. If Defendant is right, it is entitled to judgment as a matter of law.

To establish the fact of non-causation, Defendant has proffered expert testimony concluding (1) that Lilak does not have bladder problems that might be caused by Actos, and (2) that Actos does not cause the other problems that Lilak complains of. This proffer is sufficient to carry Defendant's burden of supporting their factual position under Rule 56(c)(4).

As against this evidence, Lilak has provided no evidence other than his bare allegations—in proposed amended pleadings—that he has urinary tract infections and bladder cancer. He has not offered, or even stated that he can offer, medical records, testimony from his treating physicians, or any other objective evidence of his alleged bladder problems. He also has not alleged that such evidence is unavailable to him. *See* Rule 56(d). Lilak's bare allegations are insufficient to support his factual position under Rule 56(c). He has provided no facts that the Court can view in a light most favorable to him. Accordingly, the Court will consider it to be undisputed, for purposes of this motion, that Lilak does not suffer from urinary tract infections and bladder cancer. *See* Rule 56(e)(2).

Lilak has further offered no evidence, other than snippets of various online newspaper articles of unknown provenance, to show that Actos causes any of the other problems he has alleged in his Complaint. He has argued that he should not be required to establish such facts, but the law is to the contrary on that point. Under Rule

10

56(d), Lilak might ask for more time—but there is literally nothing in Lilak's voluminous filings to suggest that, with more time, he will add anything meaningful to the record in this case. Dr. Molitch's declaration is the only evidence presented on the question of causation, and it opines that Actos does not cause the non-bladder ailments Lilak complains of. Accordingly, Lilak has not raised a genuine dispute as to this material fact.

On the record before the Court, Lilak has failed to proffer any evidentiary support for the position that he has bladder ailments (which, for purposes of this motion, Defendant does not contest that Actos causes). He has likewise failed to proffer any evidentiary support for the position that Actos causes non-bladder ailments (which, for purposes of this motion, Defendant does not contest that Lilak has). As a result, he has failed to show a genuine dispute as to any fact material to the question of whether there is a causal relationship between Actos and his injuries. And as a further result, Defendant is entitled to judgment as a matter of law.

**WHEREFORE,** for the foregoing reasons, it is hereby

- **RECOMMENDED** that Defendant's motion for summary judgment (Docket No. 59) be **GRANTED**;
- **ORDERED** that Defendant's motion to strike docket number 53 (Docket No. 56) be **DENIED AS MOOT**; and
- **RECOMMENDED** that Defendant's motion for judgment on the pleadings (Docket No. 36) be **DENIED AS MOOT**.

11

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated this 25th day of September, 2014.

BY THE COURT:

/s/ Michael J. Watanabe  
MICHAEL J. WATANABE  
United States Magistrate Judge