IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03379-PAB-MJW

SAFDAR LILAK,

      Plaintiff,

v.

TAKEDA PHARMACEUTICAL NORTH AMERICA, INC.,

      Defendant.

---

## ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 65] filed on September 25, 2014.  The magistrate judge recommends that the Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 [Docket No. 59] filed by defendant Takeda Pharmaceutical North America, Inc. be granted and that defendant's Motion to Strike [Docket No. 56] and defendant's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) [Docket No. 36] be denied as moot.  Docket No. 65 at 10.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by plaintiff.  Fed. R. Civ. P. 72(b)(3).  "[A] party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for de novo review by the district court . . . ."  *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added).  To be sufficiently specific, an objection must

"enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *See id.* at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)); *see also Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("an objection stating only 'I object' preserves no issue for review").  In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  In light of plaintiff's pro se status, the Court construes his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

The background facts have been set forth elsewhere and will not be restated here except as relevant to resolving the Objection.  *See* Docket No. 65 at 1-6.  Plaintiff brings a products liability action against defendant, claiming that the drug Actos and related drugs caused plaintiff a variety of injuries.  In its motion for summary judgment, defendant provided a declaration from Dr. Mark Molitch, who stated that, based on his review of plaintiff's medical records, plaintiff has never suffered from urinary tract infections ("UTIs") or bladder cancer and that the other conditions plaintiff complains of were not caused by Actos.  Docket No. 59-1 at 3, ¶¶ 5-6.  The Recommendation found that Dr. Molitch's opinions were sufficient to identify a lack of evidence on the issue of causation.  Docket No. 65 at 9.  With regard to plaintiff's response, the

Recommendation concluded that "Lilak has failed to proffer any evidentiary support for the position that he has bladder ailments . . . .  He has likewise failed to proffer any evidentiary support for the position that Actos causes non-bladder ailments . . . .  As a result, he has failed to show a genuine dispute as to any fact material to the question of whether there is a causal relationship between Actos and his injuries."  Docket No. 65 at 9-10.

On October 8, 2014, plaintiff filed a thirty-page, single-spaced document entitled Brief & Memorandum Response to "Court's Report and Recommendation" to Defense's Docket No. 36, 53 and 56, 59 Plaintiff's Disagreement Response and Request for More Time to Provide for Expert Report for Plaintiff's Causal Witness Professional.  Docket No. 67.[1]  On October 14, 2014, plaintiff filed a thirty page, single-spaced document with the same title.  Docket No. 68.  Plaintiff's second filing appears to be identical to his first filing and plaintiff does not identify any material difference between the two filings.  Plaintiff has not sought leave to amend or correct his October 8, 2014 filing.  Finding no compelling reason to the contrary, the Court will consider only the October 8, 2014 filing.[2]

---

[1]Plaintiff's filing exceeds the page limits imposed by this Court's Practice Standards.  *See* Practice Standards (Civil cases), Judge Philip A. Brimmer § III.A ("All . . . objections (including objections to the recommendations or orders of United States Magistrate Judges) . . . shall not exceed **fifteen pages**. . . . Replies shall not exceed **ten pages**.").  In this case the Court finds that striking plaintiff's filing in its entirety is too harsh a sanction for violating this Court's Practice Standards.  Thus, the Court will consider plaintiff's filing in its entirety.

[2]On September 29, 2014 and October 14, 2014, plaintiff filed with the Clerk of the Court two compact discs containing what appears to consist of plaintiff's discovery materials.  *See* Docket Nos. 66 and 69.  It is not incumbent upon the Court to parse the record for evidence that is potentially relevant to plaintiff's claims.  *See Adler v. Wal-*

The Court turns to the first six pages of plaintiff's October 8, 2014 filing (the "Objection"), which are styled as an objection to the Recommendation. Plaintiff does not squarely dispute the Recommendation's conclusion that he has failed to raise a genuine dispute of material fact on the issue of causation. As such, it is not clear that plaintiff is entitled to de novo review of that aspect of the Recommendation. Regardless, plaintiff identifies no basis for concluding that the Recommendation's conclusion on this issue was in error. In order to bring a negligence claim in Colorado, a plaintiff must show a legal duty of care on the defendant's part, breach of that duty, injury to the plaintiff, and that the defendant's breach caused the plaintiff's injury. *Day v. Johnson*, 255 P.3d 1064, 1069-70 (Colo. 2011) (citing *Greenberg v. Perkins*, 845 P.2d 530, 534 (Colo. 1993)).

Whether defendant's pharmaceutical products caused plaintiff's injuries does not appear to be within the common knowledge or experience of an ordinary person. Plaintiff does not argue otherwise. Thus, plaintiff must establish causation, at least in part, through expert opinion testimony. *See Melville v. Southward*, 791 P.2d 383, 387 (Colo. 1990); *Reigel v. SavaSeniorCare L.L.C.*, 292 P.3d 977, 990 (Colo. App. 2011)

---

*Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (holding that party opposing summary judgment must identify specific facts "by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein"). Thus, because plaintiff does not cite to any of the materials contained on the compact discs, the Court will not consider such materials for purposes of resolving plaintiff's objections.

On December 29, 2014, the Court received three emails from plaintiff. Defense counsel appears to have been carbon copied on each email. Attached to each email is an identical document styled as counter claims, cross claims, and a response to the Recommendation. These documents have not been properly filed and, as such, the Court will not consider them. Moreover, to whatever extent plaintiff objects to the Recommendation within these documents, any such objections would be untimely.

4

(citing cases where expert testimony was used to establish causation). Plaintiff does not identify any evidence, as it is his burden to do, that rebuts Dr. Molitch's opinion that plaintiff did not suffer from UTIs or bladder cancer and that defendant's products did not cause plaintiff's other claimed injuries. *See Adler*, 144 F.3d at 671.[3] Plaintiff appears to admit that he cannot yet establish injuries from bladder cancer. Docket No. 62 at 6, ¶ 13. Although plaintiff argues that he has "serious UTI concerns," plaintiff does not support this argument with specific reference to medical records or expert testimony. *See id.* To the extent plaintiff's response to defendant's motion for summary judgment can be construed as asserting that defendant's drugs caused plaintiff additional injuries such as heart problems, plaintiff fails to support such assertions with citation to the record. Plaintiff also states that, on September 28, 2014, he suffered a heart attack requiring emergency surgery, which plaintiff argues is a "new circumstance" that justifies rejecting the Recommendation.[4] Docket No. 67 at 1. However, plaintiff does not explain how this occurrence creates a dispute of fact regarding Dr. Molitch's opinion that Actos and related drugs do not cause heart attacks. *Id.* at 4. The Court finds no basis for so concluding. The Court finds no error in the Recommendation's conclusion that plaintiff failed to establish a genuine dispute of material fact on the issue of

---

[3]Although plaintiff argues that Dr. Molitch's declaration "is just his opinion," Docket No. 67 at 4, plaintiff does not identify any basis upon which to conclude that Dr. Molitch's causation opinion is inadmissible, *see* Fed. R. Evid. 702, or is not entitled to any weight.

[4]Although not brought before the magistrate judge, the Court elects to receive this evidence. *See* Fed. R. Civ. P. 72(b)(3).

causation.[5]

Plaintiff's primary argument appears to be that, pursuant to Fed. R. Civ. P. 56(d),

the Court should defer ruling on defendant's summary judgment motion so that plaintiff

can acquire additional evidence.  Docket No. 67 at 3.[6]  The Recommendation

considered whether plaintiff should be afforded additional time to acquire additional

evidence, concluding that plaintiff did not establish that the evidence necessary to

successfully respond to defendant's motion for summary judgment existed and was

previously unavailable.  Docket No. 65 at 9.  The Recommendation also found that

"there is literally nothing in Lilak's voluminous filings to suggest that, with more time, he

will add anything meaningful to the record in this case."  *Id.* at 10.  A party may seek

limited discovery under Rule 56(d) of the Federal Rules of Civil Procedure in order to

respond to a summary judgment motion.[7]  Rule 56(d) allows a court to stay or deny a

_____

[5]Strictly speaking, Dr. Molitch's opinion that plaintiff did not suffer from UTIs or bladder cancer may be more relevant to the injury element of plaintiff's negligence claim.  However, if plaintiff has not established an injury, he cannot establish causation.  Thus, regardless of whether Dr. Molitch's opinion is considered under the injury element or the causation element, plaintiff fails to create a genuine issue of disputed fact that defendant's products caused his actual injuries.

[6]Although plaintiff's response to defendant's motion for summary judgment did not specifically invoke Rule 56(d), plaintiff argued that defendant's motion for summary judgment was premature because the discovery cut-off date had not yet passed.  Docket No. 62 at 4.  For purposes of resolving this objection, the Court assumes that plaintiff adequately raised his Rule 56(d) argument before the magistrate judge.  *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (holding that theories raised for the first time in objections to the magistrate judge's recommendation are deemed waived).

[7] Effective December 1, 2010, the Supreme Court amended Rule 56, and what is now Rule 56(d) previously was codified as Rule 56(f).  Fed. R. Civ. P. 56 Adv. Comm. Note (2010) ("The standard for granting summary judgment remains unchanged . . . Subdivision (d) carries forward without substantial change the provisions of former

6

summary judgment motion in order to permit further discovery if the nonmovant states by affidavit that it lacks facts necessary to oppose the motion.  *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000).  In order to be afforded relief, plaintiff must show (1) that necessary probable facts are not available, (2) why those facts cannot be presented currently, (3) "what steps have been taken to obtain these facts," and (4) "how additional time will enable [plaintiff] to" obtain those facts and rebut the motion for summary judgment.  *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992); *see also Price*, 232 F.3d at 783 ("Rule 56(f) does not operate automatically.  Its protections . . . can be applied only if a party satisfies certain requirements.").  To prevail under Rule 56(d), a party must specify with particularity legitimate needs for further discovery and identify which aspects of discovery require more time to complete.  *Jones v. City & Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).  The plaintiff must also allege why the information sought would be sufficient to create a genuine issue of material fact to defeat summary judgment.  *Campbell*, 962 F.2d at 1522.

Plaintiff fails to satisfy the foundational requirements of Rule 56(d) and the Court finds no reason for otherwise deferring a ruling on defendant's motion for summary judgment.  Plaintiff states that defendant's production of documents "will show and prove the causal [effect] to heart defects by use of ACTOS," but provides no suggestion as to what probable facts are contained in such documents.  Docket No. 67 at 3.  To the extent plaintiff argues that defendant has not adequately responded to his discovery

---

subdivision (f)").

requests, plaintiff has not filed a motion to compel or described in any detail the information he sought but did not receive during discovery.  *See also Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006) ("[e]xclusive control does not . . . require automatic relief under Rule [56(d)]" (quotations omitted).  Plaintiff suggests that the FDA may have information connecting Actos and heart defects, but does not explain what such information would establish or why it is currently unavailable to him.  Docket No. 67 at 4.  Plaintiff claims that he has taken steps to acquire expert opinions on the issue of causation, but that he has been unsuccessful because he cannot afford to retain a medical expert and because medical experts do not work with pro se litigants. *Id.*  However, plaintiff fails to identify the probable opinions on the issue of causation he seeks to acquire.  Moreover, more than a year has passed since this case was remanded by the Judicial Panel on Multidistrict Litigation.  *See* Docket No. 20.  Plaintiff does not explain why he was previously unable to acquire the necessary evidence to support his claims, but would have a greater ability to do so in the future. For the foregoing reasons, plaintiff fails to provide sufficient support for his Fed. R. Civ. P. 56(d) request.  *See Trask*, 446 F.3d at 1042 (holding that Rule 56(d) affidavit failed to identify probable facts and specifically explain how additional material would rebut summary judgment motion).  The Court finds no error in this aspect of the Recommendation.  Plaintiff's request to defer ruling on defendant's summary judgment motion is denied.

Plaintiff claims that the magistrate judge is biased and "should be 'recused' from this plaintiff's cases due to certain prejudice against this plaintiff."  Docket No. 67 at 2. Plaintiff appears to support this claim by arguing (1) that the Recommendation erred in

mentioning other cases plaintiff has filed in this district and (2) the magistrate judge should not have recommended granting defendant's motion for summary judgment while discovery is ongoing.  *Id.*  Section 144 of Title 28 of the United States Code provides that, when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."  The procedural requirements of this provision are strictly construed.  *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982).  An affidavit is legally sufficient if (1) the facts therein are stated with particularity; (2) the facts, if true, "would convince a reasonable man that bias exists"; and (3) the affidavit shows that the bias is "personal, as opposed to judicial, in nature."  *Winslow v. Lehr*, 641 F. Supp. 1237, 1240 (D. Colo. 1986).  Plaintiff has made no attempt to comply with 28 U.S.C. § 144 and fails to identify facts that evidence personal bias on the part of the magistrate judge.  As to plaintiff's first basis, the Recommendation appears to have mentioned other cases plaintiff has brought against pharmaceutical manufacturers in order to compare the pleadings in plaintiff's prior cases with plaintiff's filings in the present case.  This does not suggest that the magistrate judge was personally biased against plaintiff.  Second, as discussed above, the magistrate judge concluded that plaintiff failed to establish why additional discovery would allow plaintiff to successfully oppose defendant's motion for summary judgment, reasoning with which the Court finds no fault.  The Court finds no basis for concluding that the magistrate judge was personally biased against plaintiff.  Plaintiff's objection on this point is overruled.

9

The remainder of the Objection is not responsive to the Recommendation.  For example, plaintiff claims that he has been prejudiced, *see, e.g.*, Docket No. 67 at 3, but fails to specifically indicate what prejudice he has suffered and why such prejudice would justify denying defendant's motion for summary judgment.  The remaining aspects of the Objection are therefore insufficiently specific so as to trigger de novo review.  The Court has reviewed the remainder of the Recommendation and is otherwise satisfied that no clear error exists on the face of the record.  *See Thomas*, 474 U.S. at 150.

The Court turns to the remainder of plaintiff's October 8, 2014 filing, which is contained on pages 6-30 and is styled as "Plaintiff's Prayer for Cross Claim Summary Judgment for Plaintiff."  Docket No. 67 at 6.  Plaintiff purports to seek summary judgment on all claims against defendant.  *Id.* at 30.  The Court construes this portion of plaintiff's October 8, 2014 filing as a motion for summary judgment.  Under the Local Rules, "A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate document."  D.C.COLO.LCivR 7.1(d).  The question then becomes whether the portion of plaintiff's filing which seeks summary judgment should be stricken for failure to comply with Rule 7.1(d).  Plaintiff, using language substantially identical to the present filing, has previously moved for summary judgment within the same document as, for example, a request to amend the complaint, *see* Docket No. 46 at 15, and in an exhibit to his response to defendant's summary judgment motion, *see, e.g.*, 62-1 at 101-17.  Plaintiff has been warned that, under the Local Rules, motions must be made in a separate document.  Docket No. 47.  Plaintiff has had ample opportunity to file a procedurally compliant motion for summary

10

judgment and has failed to do so.  The Court will strike the portion of plaintiff's October 8, 2014 filing which seeks summary judgment for violation of D.C.COLO.LCivR 7.1(d).

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 65] is **ACCEPTED**.  It is further

**ORDERED** that the portion of plaintiff's October 8, 2014 filing which seeks summary judgment is **STRICKEN** for violation of D.C.COLO.LCivR 7.1(d).  It is further

**ORDERED** that defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 [Docket No. 59] is **GRANTED**.  It is further

**ORDERED** that defendant's Motion to Strike [Docket No. 56] and defendant's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) [Docket No. 36] are **DENIED** as moot.  It is further

**ORDERED** that, within 14 days of the entry of judgment, defendant may have its costs by filing a bill of costs with the Clerk of the Court.  It is further

**ORDERED** that this case is dismissed in its entirety.

DATED January 5, 2015.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge