IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03379-PAB-MJW

SAFDAR LILAK,

Plaintiff,

v.

TAKEDA PHARMACEUTICAL NORTH AMERICA, INC.,

Defendant.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that Plaintiff's Motion Demanding Compensation for Injuries and Damages Pecuniary and Non-Pecuniary (**Docket No. 78**) is **DENIED**, for the following reasons.

Final judgment in this case was entered by U.S. District Judge Philip A. Brimmer on January 7, 2015 (Docket No. 75), after Judge Brimmer accepted the report and recommendation that Defendant's motion for summary judgment be granted (Docket Nos. 59, 65, & 74).  On January 22, 2015, Plaintiff filed a "Motion Demanding Compensation for Injuries and Damages Pecuniary and Non-Pecuniary" (Docket No. 78), which Judge Brimmer referred to Magistrate Judge Watanabe (Docket No. 79).

Plaintiff's motion purports to be filed under Federal Rule of Civil Procedure 9(g). However, that rule does not provide any relief to plaintiff.  Rather, Rule 9(g) states that "special damages" – *i.e.*, damages that are not "the usual and natural consequence of the wrongful act complained of," *DerKevorkian v. Lionbridge Technologies*, No. 04-cv-01160-LTB, 2006 WL 197320, at *4 (D. Colo. Jan. 26, 2006); *see also Weyerhaeuser Co. v. Brantley*, 510 F.3d 1256, 1266 (10th Cir. 2007) – must be specifically pled.  It is a rule of pleading, not a basis for liability or for any sort of summarily granted judgment. Accordingly, to the extent Plaintiff seeks relief under Rule 9(g), his motion must be denied.

After citing Rule 9(g), Plaintiff repeats (and indeed appears to have copied-and-pasted) most of the language from his earlier motions.  Those motions have all been rejected by the court and Plaintiff has identified no basis for reconsideration.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or

prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." (internal citation omitted)). Accordingly, to the extent Plaintiff seeks reconsideration of the court's orders, his motion must also be denied.

Date: January 23, 2015